# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY T. MORRIS,**

        **Plaintiff,**

        **v.**                        **Case No. 18-CV-499**

**CO VERHAAGH,**

        **Defendant.**

# ORDER

Plaintiff Anthony Morris filed a complaint under 42 U.S.C. § 1983, along with a motion to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. (ECF Nos. 1-2.) The court has jurisdiction to resolve Morris's motion to proceed without prepayment of the filing fee and to screen the complaint based on Morris's consent to full magistrate judge jurisdiction (ECF No. 5) and the Wisconsin Department of Justice's consent to limited magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Department of Justice and this court.

The Prison Litigation Reform Act ("PLRA") applies to this case because Morris was incarcerated when he filed his complaint. 28 U.S.C. § 1915. The law allows an incarcerated plaintiff to proceed with his lawsuit in federal court without prepaying the

1

civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court can allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On April 16, 2018, the court waived the initial partial filing fee. (ECF No. 9.) The court asked Morris to notify the Clerk of Court, on or before May 7, 2018, if he wanted to voluntarily dismiss the case to avoid the possibility of incurring a strike. (*Id.*) Morris did not voluntarily dismiss the case. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee and will screen his complaint.

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court gives a *pro se* plaintiff's allegations,

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Morris is an inmate at the Green Bay Correctional Institution ("GBCI"). (ECF No. 1 at 2.) Defendant Verhaagh is a Correctional Officer at GBCI. (*See id*.)

On April 1, 2017, Verhaagh passed out meal trays in South Cell Hall. (*Id*.) Verhaagh gave Morris a tray of food with "what appeared to be a glob of spit in it." (*Id*.) Morris "immediately" showed the tray to Verhaagh, and Verhaagh offered Morris another food tray. (*Id*.) Morris declined the new food tray and instead wrote an inmate complaint. (*Id*.) Morris explains that Verhaagh couldn't confirm that the "white bubbly substance" was spit and it could have been "poison," "infectious bodily fluids," or "any other harmful substance left to the imagination." (*Id*. at 3.)

Morris explains that he "won" his inmate complaint and affirmed that "there was something in my food that wasn't supposed to be there identified as a foreign substance." (*Id*.) For relief, Morris seeks compensatory and punitive damages "to deter future misconduct dealing with serious issues of health." (*Id*.)

A section 1983 action is "a tort damage action" even though the duty the defendant is alleged to have breached is created by the Constitution or federal law. *Lossman v. Pekarske,* 707 F.2d 288, 290 (7th Cir. 1983). Plaintiff must allege that the defendant owed him a constitutional duty, that the defendant breached his duty, and plaintiff suffered an actual injury from the defendant's conduct. *See Jones v. Hamelman*,

3

869 F.2d 1023, 1031 (7th Cir. 1989); *see Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Under some circumstances a prisoner may be able to bring an Eighth Amendment claim even though no physical injury has occurred. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *see also Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003). In such a case, plaintiff must allege that prison officials have, with deliberate indifference, exposed him to an "unreasonable risk of serious damage to his future health." *See Henderson v. Sheahan*, 196 F.3d 839, 846-47 (7th Cir. 1999) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

Morris alleges that Verhaagh exposed him to the risk of consuming a "foreign substance" which could have been poison, infectious bodily fluids, or any other harmful substance left to the imagination. He states that Verhaagh "failed to take reasonable measures to reduce the risk" and that Verhaagh should have written an incident report or notified the unit sergeant of the situation. Morris's allegations fail to state a claim upon which relief can be granted.

Morris did not consume the foreign substance. Therefore, he does not allege a present physical injury. Regarding possible future injury, Morris's allegation that Verhaagh might have exposed him to "poison," "infectious bodily fluids," or "any other

4

harmful substance left to the imagination" is too vague to state a claim. *See Booker v. Herman*, No. 1:06-CV-178 TLS, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006)(concluding that plaintiff's speculation that he was exposed to "communicable diseases such as hepatitis or AIDS" did not state a claim); *see also Whiteside v. Pollard*, No. 10-C-725, 2012 WL 314698, at *1 (E.D. Wis. Feb. 1, 2012), aff'd, 481 F. App'x 270 (7th Cir. 2012 ("The central point is that the Eighth Amendment was not designed to remedy the kinds of abstract fears and unrealized harms Plaintiff alleges.").

Moreover, Morris does not allege that Verhaagh exposed him to the "foreign substance" as a result of deliberate indifference. Morris does not allege that Verhaagh saw the substance and purposely gave him the tray, or that Verhaagh forced him to eat the "foreign substance" or will force him to do so in the future. Instead, Verhaagh offered him a new tray and Morris refused, opting instead to file an inmate complaint. Morris's allegation that Verhaagh exposed him to a "foreign substance" that could have been "anything" fails to state a claim upon which relief can be granted. Therefore, the court will dismiss this lawsuit.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) The court **ORDERS** that the agency having custody of Morris shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to Morris's trust account and forwarding

payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Morris transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Morris's remaining balance, to the receiving institution.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted. The Clerk of Court will document that Morris has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil

Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 6th day of June, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge